J. E. BARRON PLASTICS, INC.,
Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 18040.

United States Court of Appeals
Sixth Circuit.

July 12, 1968.

George H. Palmer, Cincinnati, Ohio, for petitioner.

Marian Halley, Atty., Dept. of Justice, Washington, D. C., for respondent, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Issie L. Jenkins, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

This Tax Court case presents a very narrow issue. In 1962 the Internal Revenue Code of 1954 was amended to provide an investment credit for manufacturing machinery. The investment credit was to apply to such machines when "acquired after December 31, 1961." Int.Rev.Code of 1954, § 48(b) (2).

The machine which is the subject of this dispute was invoiced by the manufacturer and seller on December 29, 1961. It was physically picked up by a rigging company at the manufacturer's plant on December 29, 1961, and it was delivered to the taxpayer's plant on January 2, 1962.

The contract under which the machine was sold called for it to be delivered to the purchaser f. o. b. carrier, Gilead, Ohio, the site of the manufacturer's plant. It called for both transportation and erecting to be done by the purchaser, who is the taxpayer in this case.

The statutory language which we have cited above has been interpreted by a Treasury Regulation upon which the taxpayer here relies. Treas.Reg. § 1.48–2(b) (6) (1964): "Property shall be deemed to be acquired when reduced to physical possession, or control." Taxpayer contends with great vigor that the word "physical" in this regulation should be read as amending both the word "possession" and the word "control."

We find no need to pass on that contention. The taxpayer (as required by the contract) hired the rigger who transported and erected the machine. The machine was in the taxpayer's physical possession and physical control through his agent from December 29 on.

The judgment of the Tax Court is affirmed.